RUTH OAKS *v.* STATE.

[57 South. 1.]

CRIMINAL LAW. *Punishment. Second offense.*

> Where a law provided a greater punishment for a second offense than for a first offense of the same kind; it was error to inflict the punishment provided for the second offense on defendant's first conviction.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.

Ruth Oaks was convicted of vagrancy and appeals.

The facts are sufficiently stated in the opinion of the court.

*Currie & Currie,* for appellant.

Under the provisions of section 5058 of this chapter one convicted of vagrancy shall be sentenced to jail for not less than ten days nor more than thirty days; and it is further provided that such person shall be required to serve this sentence, unless he gives a bond, with sufficient surety, in any sum not less than two hundred dollars, conditioned for the future industry and good con-

duct of such person for one year from the date of giving such bond. This, and absolutely this alone, is the only punishment and to this extent the only punishment which can be imposed for the first offense of vagrancy.

Section 5061 provides that for a second conviction for vagrancy (not some other offense or crime) a person shall be committed to jail for not less than ninety days nor more than six months; and provides that this sentence shall be served whether the bond provided for in the other section (5058) be given or not, and also imposes the burden of paying all costs. Thus it will be observed that the punishment to be inflicted in the case of a second conviction is much more severe than in the first, and it is evident that the underlying purpose in this is to prevent vagrancy and to correct vagrants.

It is useless to call the court's attention to the fact that this is a highly penal statute, doubly so, for it inflicts extraordinary punishment under extraordinary circumstances or rather facts, to-wit, a second conviction of vagrancy.

Finally, we urge that it is only for a second conviction of vagrancy that this sentence could be imposed and the record does not show a second conviction of vagrancy, and the judgment or sentence cannot for that reason stand.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

Section 5058, of the Code provides that one who is convicted of vagrancy as defined in section 5055 shall be sentenced to jail "for not less than ten nor more than thirty days." Section 5061 provides that on conviction of a second offense for vagrancy a sentence of "not less than ninety days nor more than six months shall be imposed." The court seems to have treated this case as a second conviction, and in so doing, I think clearly erred. This is the first conviction, so far as the record shows,

and the maximum penalty which could be imposed was thirty days in jail. The fact that since a plea of guilty to this indictment for vagrancy the defendant has been guilty of other crimes, will not warrant the court in pronouncing a sentence on the first conviction which can only be imposed on a second conviction.

I think, therefore, the case should be reversed for the purpose of proper sentence by the court.

SMITH, J., delivered the opinion of the court.

The punishment provided by law for the crime of vagrancy is greater for the second offense than for the first. Appellant was convicted, not of a second, but of a first, offense of this character; but the punishment inflicted upon her was that provided for a second offense.

The judgment of the court below is therefore reversed and the cause remanded for proper sentence.

*Reversed and remanded.*